**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CENTRAL LABORERS' PENSION FUND, )
CENTRAL LABORERS' PENSION SUPPLEMENTAL FUND, )
CENTRAL LABORERS' WELFARE FUND, )
CENTRAL LABORERS' RETIREE WELFARE FUND )
CENTRAL LABORERS' ANNUITY FUND, )
)
Plaintiffs, )
v. )
)
TNT LANDSCAPE CONSTRUCTION INC., )
d/b/a TNT CONSTRUCTION, INC., )
an Illinois corporation, and )
NICHOLAS KROCKERT, individually, )
)
Defendant(s). )

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants TNT LANDSCAPE CONSTRUCTION INC. and NICHOLAS KROCKERT as follows:

**COUNT I**
against
TNT LANDSCAPE CONSTRUCTION INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers. The Union and its affiliated local unions and district

councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiffs Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. TNT LANDSCAPE CONSTRUCTION INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. TNT LANDSCAPE CONSTRUCTION INC. also does business under the name TNT CONSTRUCTION INC. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). TNT LANDSCAPE CONSTRUCTION INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreements or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. TNT LANDSCAPE CONSTRUCTION INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreement are attached as *Exhibit B.* TNT LANDSCAPE CONSTRUCTION INC. has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. TNT LANDSCAPE CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, TNT LANDSCAPE CONSTRUCTION INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be

at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, TNT LANDSCAPE CONSTRUCTION INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Based on employer reports and paystubs, TNT LANDSCAPE CONSTRUCTION INC. failed and refused to pay all fringe benefit contributions and work dues for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Delinquent amounts include but may not be limited to the following:

Delinquent Contributions (July – August 2014; Local 32): $1,612.97

15. TNT LANDSCAPE CONSTRUCTION INC. additionally failed and refused to timely pay contributions for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

Late Payment (May 2014, Local 32): $1,081.70
Late Payment (July 2014, Local 32): $811.10
Late Payment (August 2014, Local 32): $913.80
Late Payment (September 2014, Local 32): $761.50
Late Payment (October 2014, Local 32): $909.30

16. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

17. Because contributions were not paid when due, TNT LANDSCAPE CONSTRUCTION INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | | |
|---|---|---|
| Late Payment (May 2014, Local 32): | $161.30 | (¶ 14 above) |
| Late Payment (May 2014, Local 32): | $108.17 | (¶ 15 above) |
| Late Payment (July 2014, Local 32): | $81.11 | (¶ 15 above) |
| Late Payment (August 2014, Local 32): | $91.38 | (¶ 15 above) |
| Late Payment (September 2014, Local 32): | $76.15 | (¶ 15 above) |
| Late Payment (October 2014, Local 32): | $90.93 | (¶ 15 above) |
| Total: | $ 609.04 | |

18. The total amount owed by TNT LANDSCAPE CONSTRUCTION INC. pursuant to the collective bargaining agreements, participation agreements, and trust agreements is not less than **$2,222.01**, consisting of not less than: $1,612.97 in delinquent fringe benefit contributions, and not less than $609.04 in late payment penalties.

19. TNT LANDSCAPE CONSTRUCTION INC. has failed and refused to pay the amount of $2,222.01 known to be due to Plaintiffs.

20. Plaintiffs have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from TNT LANDSCAPE CONSTRUCTION INC.

21. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds and attorney's fees and costs.

22. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions." If litigation is instituted to collect an amount due, the trust agreements provide for interest at the rate of 9.5%.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against TNT LANDSCAPE CONSTRUCTION INC. in favor of Plaintiffs.

B. Order TNT LANDSCAPE CONSTRUCTION INC. to pay Plaintiffs not less than $2,222.01.

C. Order TNT LANDSCAPE CONSTRUCTION INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

D. Order TNT LANDSCAPE CONSTRUCTION INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiffs such other and further relief as may be just.

## COUNT II

Claim under ERISA for an audit against
TNT LANDSCAPE CONSTRUCTION INC.

1. - 22. Plaintiffs reallege paragraphs 1 - 22 of Count I.

23. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, TNT LANDSCAPE CONSTRUCTION INC. is required to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

24. Upon information and belief, TNT LANDSCAPE CONSTRUCTION INC. has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the Collective bargaining agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

25. TNT LANDSCAPE CONSTRUCTION INC. has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Funds.

26. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of TNT LANDSCAPE CONSTRUCTION INC.

27. The participation agreements and trust agreements provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against TNT LANDSCAPE CONSTRUCTION INC. in favor of Plaintiffs.

B. Order TNT LANDSCAPE CONSTRUCTION INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order TNT LANDSCAPE CONSTRUCTION INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order TNT LANDSCAPE CONSTRUCTION INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Order TNT LANDSCAPE CONSTRUCTION INC. to pay auditors' fees to Plaintiffs to Plaintiffs.

F. Order TNT LANDSCAPE CONSTRUCTION INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

G. Grant Plaintiffs such other and further relief as may be just.

## COUNT III
Against NICHOLAS KROCKERT

1. - 22. Plaintiffs reallege paragraphs 1 - 22 of Count I.

23. - 27. Plaintiffs reallege paragraphs 23 - 27 of Count II.

28. This Count arises from a common nucleus of operative facts with Count I and Count II and is pendent to those counts.

Breach of Contract / Trust Agreements

29. Plaintiffs are advised and believe that NICHOLAS KROCKERT is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of TNT LANDSCAPE CONSTRUCTION INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that NICHOLAS KROCKERT is a director of TNT LANDSCAPE CONSTRUCTION INC.

30. Pursuant to the collective bargaining agreements to which TNT LANDSCAPE CONSTRUCTION INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

31. Pursuant to the trust agreements establishing the Plaintiff Funds, to which TNT LANDSCAPE CONSTRUCTION INC. and NICHOLAS KROCKERT agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

32. Plaintiffs are informed and believe that NICHOLAS KROCKERT did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making NICHOLAS KROCKERT personally liable for the money owed to the Plaintiff Funds by TNT LANDSCAPE CONSTRUCTION INC.

Piercing the Corporate Veil

33. There is a unity of interest and ownership between TNT LANDSCAPE CONSTRUCTION INC. and NICHOLAS KROCKERT such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making NICHOLAS KROCKERT personally liable for the money owed to the Plaintiff Funds by TNT LANDSCAPE CONSTRUCTION INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against NICHOLAS KROCKERT in favor of Plaintiffs.

B. Order NICHOLAS KROCKERT to pay Plaintiffs $2,222.01, plus any additional amount shown to be due.

C. Order NICHOLAS KROCKERT to provide access to the records of TNT LANDSCAPE CONSTRUCTION INC. so that an audit can be performed to determine whether TNT LANDSCAPE CONSTRUCTION INC. has complied with contribution requirements.

D. Order NICHOLAS KROCKERT to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

E. Order NICHOLAS KROCKERT to pay auditors' fees to Plaintiffs.

F. Order NICHOLAS KROCKERT to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

G. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By: /s/ *Richard A. Toth*

Richard A. Toth
DALEY AND GEORGES, LTD.
*Attorneys for Plaintiffs*
20 S. Clark St., Suite 400
Chicago, Illinois 60603-1835
(312) 726-8797
Fax: (312) 726-8819
E-mail: rtoth@daleygeorges.com

15215

CONTRACTOR:

TPT Construction Inc.
(Company Name)

897 S. Randall Rd Ste 334
(Address)

Elgin IL 60123
(City, State Zip)

847-717-5231
(Telephone Number)

847 717 5241
(Facsimile Number)

46-5292205
(Federal Employer ID Number)

(Signature and Title)

GREAT PLAINS
LABORERS' DISTRICT COUNCIL

Charlie Shempf, Business Manager

LABORERS' LOCAL 32

Dominic Castanza, Business Manager

LABORERS' LOCAL 727

4-18-12
Ken Diehl, Business Manager

RECEIVED APR 10 2014





EXHIBIT A

15215

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2010

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, P.O. Box 9090, Peoria, Illinois 61612-9090. **MAKE ONE CHECK.**

SIGNED this 7 day of 4 ~~2010~~ 2014 at Rockford, Illinois.

**FOR THE CONTRACTORS:**

[signature] 4/29/10
Glen L. Turpoff Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

**FOR THE UNION:**

Frank E. Hovar 4-28-10
Frank E. Hovar Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

**CONTRACTOR:**

NAME: TCT Construction Inc

ADDRESS: 847 S. Randall Rd Ste 334

ADDRESS: Elgin IL 60123

SIGNATURE: [signature]

DATE: [illegible]

**LOCAL UNION NO. 32**
Tom DalSanto, Business Manager
4477 Linden Rd., Suite E
Rockford, Illinois 61109
Phone: (815) 873-8875
Fax: (815) 873-8972

**LOCAL UNION NO. 727**
Ken Diehl, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318

RECEIVED
APR 10 2014

15215

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this 7 day of 4 ~~2010~~ 2014, at Rockford, Illinois.

Glen Turpoff 4/25/10
Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

Frank E. Hovar 4-28-10
Frank E. Hovar
Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: TNT Construction Inc.

Address: 847 S. Randall Rd Ste 234

Address: Elgin IL 60123

Signature:

Date: 4-7-14





#16

Heavy/Highway

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between TNT Construction Inc. (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 9.45 | per hour to Central Laborers' Pension Fund | 0.39 | per hour to Industry Advancement Fund |
| 7.70 | per hour to N.C.I.L. Welfare Fund | 5.0%/0.05 | Working Dues (% or cents per hour) |
| 4.50 | per hour to No. Ill. Annuity Fund | 0.14 | LECET |
| 0.80 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | 1.30 | Vacation |
| 0.10 | MRFFC | 0.09 | Other Market Promotion |
| 0.54 | No. Ill. Welfare | 0.25 | Other Organizational Fund |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

RECEIVED APR 10 2014

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| TNT Construction Inc. | [signature] |
| Name of Business | Authorized Signature |
| 847 S Randall Rd Ste 334 | Executive Director |
| Address | Title |
| Elgin IL 60123 | UNION |
| City/State/Zip Code | Territory in which Agreement signed: Local 32 |
| 847-717-5331 | |
| Telephone | |
| [signature] | [signature] |
| Authorized Signature | Authorized Signature |
| VP | President |
| Title | Title |
| 4-7-14 | 4.10.14 |
| Date | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union



EXHIBIT B

15215

Landscape

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between TNT Construction Inc. (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 3.34 | per hour to Central Laborers' Pension Fund | | per hour to Industry Advancement Fund |
| 7.70 | per hour to N.C.I.L. Welfare Fund | | Working Dues (% or cents per hour) |
| | per hour to ______ Annuity Fund | | LECET |
| 0.05 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | | Vacation |
| | MRFFC | | Other ______ |
| | | | Other ______ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

RECEIVED APR 10 2014

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| TNT Construction Inc. — Name of Business | [signature] — Authorized Signature |
| 847 S. Randall Rd Ste 334 — Address | Executive Director — Title |
| Elgin IL 60123 — City/State/Zip Code | UNION |
| 847-717-5031 — Telephone | Territory in which Agreement signed: Local 32 |
| [signature] — Authorized Signature | [signature] — Authorized Signature |
| [signature] — Title | President — Title |
| 4-7-14 — Date | 4.10.14 — Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 02/03) 2M